UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA

        Plaintiff,

    v.                             Criminal Case No. 18-cr-20476
                                      Civil Case No. 23-cv-13277
MICHAEL JAMES FURLONG,         Honorable Mark A. Goldsmith

        Defendant.

_____/

**OPINION AND ORDER (1) GRANTING IN PART DEFENDANT'S § 2255 MOTION (Dkt. 29), (2) CORRECTING DEFENDANT'S SENTENCE, AND (3) DENYING DEFENDANT'S REQUEST FOR A RESENTENCING HEARING**

Before this Court is Defendant Michael James Furlong's 28 U.S.C. § 2255 motion requesting a resentencing hearing to cure a sentencing error (Dkt. 29). For the reasons that follow, the Court (i) grants Furlong's § 2255 motion in part, (ii) corrects Furlong's sentence from 284 months' imprisonment to 240 months and (iii) denies Furlong's request for a resentencing hearing.[1]

## I.  BACKGROUND

Defendant Michael James Furlong pled guilty to the distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Plea Agreement at PageID.47 (Dkt. 19). During sentencing, Furlong was subjected to a statutory sentence enhancement under 18 U.S.C. § 2252A(b)(1) because of his prior conviction for distribution of child pornography under Article 134 of the

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 35), Defendant's supplemental brief (Dkt. 40), the Government's response to the supplemental brief (Dkt. 44), and Defendant's reply (Dkt. 45).

Uniform Code of Military Justice (UCMJ) and his status as a registered sex offender at the time of his offense.  Id. at PageID.50.  Applying the sentence enhancement, the sentencing range under the agreed-to Rule 11 guidelines was 235-293 months.  Id. at 51.  The Court sentenced Furlong to 284 months of imprisonment, followed by 120 months of supervised release.  Judgement at PageID.152-153 (Dkt. 28).  Furlong did not appeal his sentence.

Furlong filed a pro se 28 U.S.C. § 2255 motion, outside the one-year statute of limitations period, challenging the sentence enhancement.  Mot. at PageID.161-164 (Dkt. 29).  Specifically, Furlong alleges that his prior conviction under Article 134 of the UCMJ does not qualify as a predicate offense for sentence enhancement under 18 U.S.C. § 2252A(b)(1).  Id. at PageID.164.  Because there was a "miscarriage of justice" in applying the sentencing enhancement, Furlong requests that the statute of limitations be waived.  Id. at PageID.164.  Furlong also requested the appointment of counsel to assist with his motion.  Id. at PageID.179.

The Court granted Furlong's request for counsel and directed Furlong's counsel to file a supplemental brief.  See 5/7/24 Order (Dkt. 37).  In the supplemental brief, Furlong contends that the sentencing error should be corrected in a full resentencing hearing, rather than through a sentence correction, because he received ineffective assistance of counsel at the plea-bargaining, sentencing, and appeal stages, and because he has had "exemplary conduct" since his imprisonment.  Def. Suppl. Br. at PageID.262, 275–277 (Dkt. 40).

The Government has agreed to waive its reliance on § 2255's one-year limitation period and does not challenge Furlong's contention that the § 2252(A)(b)(1) sentence enhancement should not have been applied.  Gov. Resp. to Mot. at PageID.245 (Dkt. 35).  However, the Government suggests that the Court should simply correct Furlong's sentence from 284 months to 240 months' imprisonment rather than conduct a resentencing hearing.  Id. at PageID.250-253.

## II. ANALYSIS

1. **Furlong's Request to Waive 28 U.S.C. § 2255's One-Year Statute-of-Limitations is Granted.**

This Court must first consider the timeliness of Furlong's motion because 28 U.S.C. § 2255(f) imposes a one-year period of limitation for filing a § 2255 motion. This period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Furlong's conviction became "final" fourteen days after his sentencing on June 18, 2019, because Furlong did not file a notice of appeal. Fed. R. App. P. 4(b)(1)(A); <u>Sanchez Castellano v. United States</u>, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals . . . ."). For the purposes of § 2255, therefore, Furlong's judgment became final on July 2, 2019, and Furlong's motion, filed in December 2023, is untimely.

Courts can, however, waive § 2255's one-year limitation, especially when the Government does not contest the timeliness of the motion. <u>See</u> <u>Wood v. Milyard</u>, 566 U.S. 463, 474 (2012) (upholding a district court's discretion to waive the statute of limitations when "the State, after expressing its clear and accurate understanding of the timeliness issue . . . chose, in no uncertain terms, to refrain from interposing a timeliness 'challenge'"); <u>Johnson v. United States</u>, 457 F. App'x 462, 469 (6th Cir. 2012) ("The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling."). The Government here has agreed to "waive [its] reliance on the statute-of-limitations defense" "in the interests of justice." Gov. Resp. to Mot. at PageID.247–248. The Court, therefore, agrees to waive the limitation and to consider the merits of Furlong's claim.

**2. 18 U.S.C. § 2252A(b)(1)'s Sentence Enhancement Should Not Have Been Applied During Furlong's Sentencing.**

In reaching the merits of Furlong's claim, the Court next turns to whether there was an error in applying a sentence enhancement under § 2252A(b)(1).  During sentencing, the Court deemed Furlong to be subject to a mandatory sentence enhancement based on his prior conviction for distribution of child pornography under Article 134 of UCMJ and his status as a registered sex offender at the time of his offense.  Plea Agreement at PageID.50.  Furlong, however, contends that his conviction under Article 134 does not qualify as a predicate offense for sentence enhancement under § 2252A(b)(1).  Mot. at PageID.164.  Specifically, Furlong points to the text of the statutory language, which only lists Article 120 of the UCMJ as a predicate offense and not Article 134, and a Tenth Circuit decision, which held that Article 134 is not a predicate sentence enhancer under § 2252A.  Id.; see United States v. Brown, 529 F.3d 1260, 1265 (10th Cir. 2008) (holding that because § 2252A "include[s] violations of the UCMJ [but] did not include Article 134, nor UCMJ violations relating to child pornography generally," a prior Article 134 conviction does not qualify as a predicate sentence enhancer).  The Government does not contest Furlong's position and cannot identify a Sixth Circuit decision interpreting § 2252A to the contrary.  Gov. Resp. to Mot. at PageID.248–249.  Therefore, the Court agrees that the sentence enhancement was in error and grants Furlong's request that his conviction be "sentenced as a first-time conviction of not less than 5 years and not more than 20 years."  Mot. at PageID.170.

**3. The Court Will Correct Furlong's Sentence from 284 Months to 240 Months and a Resentencing Hearing Is Not Warranted.**

The Court must finally determine how to cure the error in sentencing—i.e., whether to simply "correct the sentence as may appear appropriate" or to conduct a new resentencing hearing. 28 U.S.C. § 2255(b); see United States v. Flack, 941 F.3d 238, 241 (6th Cir. 2019) ("[A] court may

4

'correct' a defendant's sentence without holding a resentencing hearing."). While "district courts have broad discretion" in choosing between sentence correction and resentencing, "the facts may dictate that one is more appropriate." United States v. Augustin, 16 F.4th 227, 232 (6th Cir. 2021). A sentence correction is appropriate when "the court merely cuts back to the statutory maximum a sentence that had exceeded it" without needing to "reevaluat[e] . . . the appropriateness of [the defendant's] original sentence." Flack, 941 F.3d at 241 (punctuation modified); see also United States v. Mitchell, 905 F.3d 991, 994 (6th Cir. 2018) ("[I]f a court imposes a corrected sentence that is largely consistent with a petitioner's original sentence, then a full-on resentencing would be largely redundant and wasteful.") (punctuation modified). By contrast, resentencing is warranted when an "error undermines the sentence as a whole such that the district court must revisit the entire sentence" or if "a court must exercise significant discretion in ways it was not called upon to do at the initial sentencing." Augustin, 16 F.4th at 232 (punctuation modified) (emphasis in original).

Furlong argues that his situation warrants a resentencing hearing for two reasons. First, Furlong suggests that his counsel's failure to recognize the error in the applicable sentencing range forced him to "unknowing[ly] and involuntar[ily]" accept a plea agreement and his sentence without knowledge of the actual range of penalties he could be subject to. Def. Suppl. Br. at PageID.263, 270. Second, Furlong proposes that because the original sentencing was conducted in the shadow of an improper sentencing range, the Court should "revisit its sentencing discretion under the new statutory parameters," including considering whether Furlong's "exemplary conduct" entitles him to a sentence "below the bottom of his agreed advisory Guidelines range of 235 months." See Id. at 276–277 ("[The] entire mindset of the initial sentencing proceeding []

was predicated on the basis of a mandatory-minimum of 15-years and a statutory maximum of 40-years.").

While the Government does not object to a resentencing hearing, it argues that sentence correction is "the most appropriate form of relief" here.  Gov. Resp. to Mot. at PageID.252.  Responding to Furlong's allegation of ineffective assistance during the plea-bargain, the Government contends that, if anything, the "agreement benefited Furlong significantly" because in the absence of a plea, Furlong could have also been convicted of "attempted solicitation of a minor under 18 U.S.C. § 2242(b)," with exposure to an additional "sentence of not less than 20 years' imprisonment."  Gov. Resp. to Suppl. Br. at PageID.298-99.  And the Government counters that the Court need not revisit its sentencing discretion here because "Furlong does not challenge his conviction," "his offense characteristics," or his "criminal history," thereby leaving intact the Court's original analysis of the § 3553(a) sentencing factors.[2]  Gov. Resp. to Mot. at PageID.252.  Thus, the Government concludes, a sentence correction here would "simply [be] impos[ing] a corrected sentence that was 'largely consistent' with the rationale for [the] original sentence."  Id. (quoting Augustin, 16 F.4th at 233).

The Court agrees with the Government's position.  The Court is being asked to "merely cut[] back to the statutory maximum a sentence that had exceeded it" because of an improper sentence enhancement, and to amend the sentence within the contours of the plea agreement.  Flack, 941 F.3d at 241.  This is the type of "arithmetical" and "technical" error that can be remedied through a sentence correction.  Id.  There is no need to reevaluate the appropriateness of the original

---

[2] The Government's briefing also rejects Furlong's behavior in prison as being "exemplary," noting that "[f]rom May 2023 to just a few weeks ago (August 2024), Furlong repeatedly violated the prison's rule against possessing prohibited items, despite having been caught and sanctioned multiple times."  Gov. Resp. to Suppl. Br. at PageID.299-300.

sentence when the original conviction, offense, and criminal history are not in question and when Furlong does not wish to withdraw from the agreed to Rule 11 plea.[3]   As such, in curing the sentence enhancement error, the Court does not need to exercise significant discretion or reapply the § 3553(a) sentencing factors, especially when Furlong has not identified any compelling factors that "upend the Court's original analysis of the sentencing factors."   Gov. Resp. to Suppl. Br. at PageID.300.   A resentencing hearing in this scenario would be "largely redundant and wasteful," Mitchell 905 F.3d at 944, and so the Court rejects Furlong's request for a resentencing hearing.

In Furlong's original sentencing, the Court considered a range of 235 to 293 months (under the sentence enhancement) and sentenced Furlong to 284 months.   Judgment at PageID.152.   This sentence, nearly at the maximum of the agreed to range, was determined to be "sufficient, but not greater than necessary, to comply with the purpose of [18 U.S.C. § 3553]."   4/12/24 Hr'g Tr. at PageID.235 (Dkt. 34).   Applying the corrected statutory maximum under § 2252A(b)(1) and the Rule 11 guideline range, the sentence must now fall within a range of 235 to 240 months.   The Court concludes that a sentence of 240 months, at the maximum of the guideline range, would be "impos[ing] a corrected sentence that [i]s largely consistent with [] petitioner's original sentence."

---

[3] While Furlong challenges that the Court should not be bound by the original Rule 11 guidelines because he received ineffective assistance of counsel, the claim lacks merit.   Ineffective assistance of counsel requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance was prejudicial.   Strickland v. Washington, 466 U.S. 668, 687 (1984).   With respect to the second factor, Furlong does not show that, but for his counsel's error, he would not have pled guilty.   See United States v. Garfolo, 425 F. App'x 460, 462 (6th Cir. 2011); Stubbs v. United States, No. 08-4563, 2010 WL 9039350, at *22 (6th Cir. 2010) ("[C]ounsel's alleged failure to make a better [plea] deal does not rise to the level of constitutionally deficient performance.").   In the original sentencing, the Court deliberately imposed a sentence near the top of the range because of Furlong's prior offense record.   Furlong does not show how a technical error regarding the application of the sentencing enhancement would have affected this decision to impose a top-of-the-range sentence.

Mitchell, 905 F.3d at 994 (punctuation modified).  The Court leaves all other terms of the judgment intact.

### III. CONCLUSION

For the foregoing reasons, the Court (i) grants Furlong's § 225 motion, (ii) corrects Furlong's sentence from 284 months' imprisonment to 240 months and (iii) denies Furlong's request for a resentencing hearing.


Dated: January 14, 2025                          s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2025.

                                   s/Carolyn Ciesla
                                   Case Manager